**UNITED STATES v. HARVEY et al.**

No. C–16279.

District Court, D. Oregon.

Sept. 3, 1943.

J. Mason Dillard, Asst. U. S. Atty., and William M. Langley, Asst. U. S. Atty., both of Portland, Or., for plaintiff.

Jay Bowerman, Robert C. Bradshaw (of Veatch & Bradshaw), and Thomas J. White, all of Portland, Or., for defendants.

McCOLLOCH, District Judge.

The corporate owner is not joined as a defendant nor is corporate guilt of any sort alleged.

The question is whether the executive officers of a corporation can be charged as principals for the acts and omissions of the captain, pilot or other person or persons in charge of the operation of the boat, without allegation of corporate guilt.

The question involves some technical complexities, but in view of the history of the Act, it would seem that corporate guilt must be alleged; then, if the executive officers knowingly and wilfully caused or allowed the corporate acts or omissions, they may be charged personally. The statute appears to carry forward the principle of limitation of owners' liability, which is recognized in maritime tort law; that is, the owner and the executive officers of a corporation, where the owner is a corporation, are liable only for those things which are under their personal control.

It has been further urged that the captain, pilot, etc., cannot be joined with the executive officers in the same indictment. Since I take the view expressed above that the guilt for which the executive officers may be charged is the guilt of the corporation and not the guilt of the captain, pilot or other person employed on the vessel, it would seem to be better practice, certainly safer, to bring separate indictments. In making this comment I have not forgotten the argument of convenience made in behalf of the Government (more, I recognize, than convenience in these times) and of expense.

Note:—On re-submission to the grand jury following the ruling above, separate indictments were returned, one against the towing company and its executive officers, and the other against the pilot. Demurrers were sustained to these indictments on the ground that Sec. 461, Tit. 18 U.S.C.A., applies only to waters "out of the jurisdiction of any particular State." See Sec. 451, Tit. 18 U.S.C.A. Sec. 461 became a part of Chapter 11, Tit. 18 U.S. C.A., by the adoption of the Criminal Code March 4, 1909. The waters of the Columbia River are under the concurrent jurisdiction of Oregon and Washington by special act of Congress.